## (January 7, 1953.)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND O'KEEFE, ANTONIO ROMEO, LOUIS DIMBRO, JOSEPH BANOVIC, Alias "BINGO JOE", KEISER JOSEPH, Alias "MUSHY KEISER", DEMETRIUS SARACENO, SIDNEY GOODSITE, Alias "SHIMMY", MARTIN MONDOLFI, LOUIS FIATO and JOSEPH CAPALACES, Appellants, et al., Defendants.

(See 280 App. Div. 546.)

*Per Curiam.* The appeal from judgments of conviction in Broome County was decided by this court on September 17, 1952. The judgments were reversed and a new trial directed. On January 5, 1953, the District Attorney applied here for a reargument of the appeal on the ground that the record presented to this court and upon which it decided the case was not complete.

The District Attorney contends that proof tending to cast some light on the accuracy of transcriptions of telephone interceptions and to give legal foundation to the transcriptions had been omitted from the record on appeal by consent of all the attorneys because when the record on appeal was being prepared this testimony was not regarded by counsel as important in the case. One of the grounds upon which the judgments were reversed here, however, was that there was no proof given or offered as to the accuracy or reliability of the transcripts (280 App. Div. 546).

In pressing for reargument the District Attorney urges that the full record will meet that objection to the judgments and the trial court has entered an order adding this matter to the record on appeal. The Trial Judge at the request of defendants has also added material to the record which was omitted by a printer's error or other mistake and hence was not before us when we decided the appeal.

Defendants' lawyers believe this would meet and answer one part of the views expressed by the minority of the court in voting to affirm the judgments, that objection to the discussion between the Trial Judge and a juror was waived by a failure to make proper objection. Although the defendants applied to the Trial Judge for this correction in the record they do not consent to the motion for reargument and oppose that motion. If it is granted, however, the record to be reconsidered will contain the amendments proposed by the defendants as well as those proposed by the District Attorney.

We are of opinion that if the record upon which we acted was incomplete in material respects, as it seems to have been, a reargument ought to be had and a decision made upon a considered evaluation of a record complete in all respects material to the questions raised on appeal.

It should be added that the full co-operation of all counsel is required to minimize further delay in ultimate decision of this case. The reargument shall proceed promptly. If counsel can be ready at the present term of this court the appeal will be heard then.

The matter added to the record by the order of the County Court may be in typewritten form if not already printed, and shall show clearly by reference to the existing printed record where it is added. Additional briefs, if any, on reargument may also be in typewritten form. If counsel for good cause are not able to proceed at this term they should proceed at the next term of this court in March.

The motion for reargument should be granted and the appeal restored to the calendar of this term.

Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.

Motion for reargument granted and the appeal is restored to the calendar of this term.