THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH WILKIE, Appellant.

■

*Per Curiam.* The jury has found the defendant guilty on evidence sufficient to sustain the verdict. However, on this appeal the issue is not the guilt or innocence of the defendant, but simply whether he has received a fair trial. If mere technical errors were committed not affecting a substantial right, we might affirm the judgment of conviction (Code Crim. Pro., § 542). The failure, however, to accord a fair trial is not a mere technical error and affects a substantial right of the defendant. Where, as here, the presence of technical error coincides with the absence of a fair trial, the duty of an appellate court is clear no matter how it may feel as to the proof of the defendant's guilt.

The defendant in this case was deprived of a fair trial by the extent to which the trial court permitted the cross-examination of the defendant and his witness Cantatore as to an absent alibi witness, plus the erroneous charge of the court as to the inferences that might be drawn from the absence of a witness. While no objection was made to much of the cross-examination and no exception taken to the charge, the absence thereof is not controlling on the question of whether or not the defendant received a fair trial. (See *People* v. *Carborano,* 301 N. Y. 39; *People* v. *Perry,* 277 N. Y. 460; *People* v. *Posner,* 273 N. Y. 184; *People* v. *Becker,* 210 N. Y. 274; *People* v. *Stetz,* 206 App. Div. 223, and *People* v. *Kilroe,* 201 App. Div. 549.) Accordingly, we reverse the judgment appealed from and order a new trial.

Callahan, Breitel, Bastow and Rabin, JJ., concur in *Per Curiam* opinion; Peck, P. J., dissents and votes to affirm.

Judgment reversed and a new trial ordered.