No. 137.  GOLD *v.* UNITED STATES.

Argued January 22–23, 1957.  Decided January 28, 1957.  *Per Curiam:* The judgment is reversed and the case remanded to the District Court with directions to grant a new trial because of official intrusion into the privacy of the jury.  *Remmer* v. *United States,* 350 U. S. 377; 347 U. S. 227.  The fact that the intrusion was unintentional does not remove the effect of the intrusion.  MR. JUSTICE REED, with whom MR. JUSTICE BURTON and MR. JUSTICE CLARK join, has filed a dissent.  MR. JUSTICE CLARK has filed a separate dissent.  *Harold I. Cammer* and *Joseph Forer* argued the cause for petitioner.  With them on the brief was *David Rein. Joseph A. Lowther* argued the cause for the United States.  On the brief were *Solicitor General Rankin, Assistant Attorney General Tompkins* and *Philip R. Monahan.*

MR. JUSTICE REED, with whom MR. JUSTICE BURTON and MR. JUSTICE CLARK join, dissenting.

The *Remmer* case, dealing with a Federal Bureau of Investigation inquiry into a suspected approach to a juror by a defendant, is not in our judgment controlling in this FBI inquiry of people who happened to be *Gold* jurors concerning a different Communist case.  Compare the facts and conclusions of law in *Remmer* v. *United States,* 350 U. S. 377, 381, 382, and 347 U. S. 227, with the facts stated in *Gold* v. *United States,* 99 U. S. App. D. C. 136, 147, 237 F. 2d 764, 775.

While a presumption of prejudice arises when a juror in a criminal case receives a private communication bearing even remotely on the trial, the question in each such case is whether that presumption has been rebutted.  Cf.

*Remmer* v. *United States,* 347 U. S. 227, 229, and *Mattox* v. *United States,* 146 U. S. 140, 149–150.

We think the record showing of the jurors' reaction to the present inquiry, Record 1586–1673, adequately supports the trial judge's conclusion that no effect upon the jurors adverse to the defendant, because of the accidental intrusion upon their privacy, could reasonably be anticipated.

The juror and the alternate who felt disturbed by the incident were discharged. In our view this made it proper to go ahead, as the court did, with the trial.

Mr. Justice Clark, dissenting.

While I too feel that the narrow ground of *Remmer's* case should not be used to bring about reversal here, I am also disturbed by the refusal of the Court to decide other important questions urged upon us by both parties and ready for disposition. Among these are the applicability of the perjury rule of evidence to the false statement statute, eligibility of government employees to serve as jurors, admissibility of evidence of prior activity in the Communist Party to disprove the sincerity of a resignation therefrom, the use of expert witnesses to prove continuing membership and the correctness of the court's charges as to membership in the Party, etc. It seems to me that proper judicial administration requires this Court to decide these important issues, particularly since they will again arise at the retrial. Furthermore, similar cases involving the same legal points are pending in various districts throughout the country. The refusal of the majority today to pass upon them thus deprives the federal judiciary of this Court's opinion, which renders today's error multifold. It will cause undue hardship in the trial of all of these cases, not only on the Government but on the defendants as well. I therefore dissent.