**UNITED STATES of America**

v.

**David BLACKNEY, a/k/a David Blackley.**

**No. 879–56.**

United States District Court
District of Columbia,
Criminal Division.

Oct. 22, 1957.

Hymie Nussbaum, Washington, D. C., for petitioner.

Victor Caputy, Asst. to U. S. Atty., Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

The petitioner, David Blackney, was found guilty of house-breaking and larceny and sentenced by this Court on February 15, 1957. He filed his notice of appeal ten days later.

On May 16, 1957, after having received an extension of time to file the record on appeal, petitioner moved for a new trial alleging an unreasonably lengthy detention and that the confession, admitted into evidence at the trial, was coerced and the result of an illegal arrest. This motion was denied on May 24, 1957, after a hearing on the allegations.

On July 30, 1957, petitioner once again moved for a new trial and also to vacate sentence under 28 U.S.C. § 2255. The basis of this second motion was a note which was found in the record file of the petitioner. The note read: "The jury would like to have defendant's statement to clarify point in debate. Foreman."

Petitioner requested a hearing to determine what had happened as a result of the note. He further alleged that any action of the Court with respect to the note was a violation of petitioner's constitutional rights to a fair trial since the note was never called to the attention of the petitioner or his counsel. A hearing on these questions was held on October 4, 1957.

The Court itself clarified any factual problem that may have existed. The Court stated from the bench for the record that the note was transmitted to the Court by the marshal during the jury's deliberations. Thereupon the petitioner's confession was sent into the jury room as requested.

Argument was then presented on the legal question whether the action taken had deprived petitioner of his right to effective counsel, his right to be present at every stage of the proceeding, and, therefore, of a fair trial according to due process of law.

For the purpose of the disposition of this question any objection concerning the admissibility of the confession, which was raised by petitioner in his first motion for a new trial, must be considered to have been laid to rest. The confession was legally admitted into evidence in the presence of the defendant and defendant's counsel.

There is also no suggestion that the Court was not within its rights to send the confession into the jury room. Further, there has not been proposed by counsel any serious objection that could have been made to the Court's action.

The thrust of petitioner's argument is that where a jury, having retired from the courtroom to deliberate, finds it necessary to ask for legally admitted evidence to be brought into the jury room, the Court should summon counsel and the petitioner before granting the request.[1]

While it is possible to conceive of certain situations where this procedure

1. The issue is a relatively novel one. In Beaty v. United States, 4 Cir., 1954, 213 F.2d 712, during deliberation foreman asked judge whether a recommendation could be made and judge answered in the affirmative. Held not prejudicial error on direct appeal. Remmer v. United States, 1950, 350 U.S. 377, 76 S. Ct. 425, 100 L.Ed. 435 and Gold v. United States, 1957, 352 U.S. 985, 77 S.Ct. 378, 1 L.Ed.2d 360, which have been urged upon the court by the petitioner are sufficiently far removed on their facts to have a bearing.

might be necessary,[2] no substantial constitutional right was violated in this case. Here petitioner's presence had no substantial relation to his opportunity to defend himself.[3] Petitioner's counsel, if notified, could have done no more than acquiesce in the Court's action. The United States Court of Appeals for the District of Columbia Circuit held very recently that where it did not appear that any objection or motion of counsel could have had a significant effect upon the outcome of the trial, petitioner is entitled to no relief because of ineffective assistance of counsel.[4] The petitioner has not shown any way in which he has been prejudiced by the action of the Court so as to justify his motion for a new trial or to vacate judgment.[5] Any presumption which may exist in favor of the petitioner[6] has been rebutted. Accordingly, the motions of the petitioner are denied.

2. Such a case may be the submission to the jury of a summary of net worth as computed by the government without a corresponding summary from the defense. Holland v. United States, 1954, 348 U.S. 121, 127, 128, 75 S.Ct. 127, 99 L.Ed. 150; Steele v. United States, 5 Cir., 1955, 222 F.2d 628.

3. Snyder v. Commonwealth of Massachusetts, 1934, 291 U.S. 97, 106, 54 S.Ct. 330, 78 L.Ed. 674.

4. Martin v. United States, D.C.Cir., 1957, 248 F.2d 651.

5. Remmer v. United States, 1947, 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654.

6. Mattox v. United States, 1892, 146 U.S. 140, 147–150, 13 S.Ct. 50, 36 L.Ed. 97. Ryan v. United States, 1951, 89 U.S.App. D.C. 328, 191 F.2d 779.