■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH SACCOMANNO, Appellant.— Appeal by defendant from a judgment of the County Court, Westchester County, rendered April 29, 1963 upon the verdict of a jury, convicting him of grand larceny in the first degree, petit larceny and unlawful entry, and imposing sentence. Judgment reversed on the law and new trial ordered. The findings of fact have not been considered. In our opinion, the learned Trial Judge's conscientious effort to inquire into an alleged incident of jury tampering unintentionally resulted in a development which served to prejudice defendant. The Trial Judge called the jury back to the courtroom, and started his inquiry while defendant and his counsel were both absent from the courtroom, by asserting that a serious breach of the criminal law had been brought to his attention and by asking whether any juror had been approached by one or both of two individuals sitting in the front row. In the absence of defendant and counsel, three jurors signified that they thought that these individuals had attempted to influence them. When counsel for defendant entered the courtroom, the Trial Judge repeated his remarks, but refused to hear any explanation or motion upon behalf of defendant with

respect to the incident under inquiry. The jury was then sent back to deliberate, without further instructions or comment as to the incident under inquiry, the Trial Judge stating that he would "deal with this other matter." After the jury retired again, the Trial Judge heard counsel's explanation that the individuals were friends of defendant, but had not molested the jurors. The court then entertained, and denied, defendant's motion for a mistrial. Although the jury had previously been out several hours, and required during that interval additional instructions, they returned to the courtroom within seven minutes of the incident mentioned with a verdict, finding defendant guilty on all three counts submitted to them. The two individuals involved in the incident were neither prosecuted nor indicted for any offense in connection therewith. In our view, the inquiry into the jury tampering incident, conducted without an opportunity to defendant to make an explanation that he had had no part therein, and without instruction to the jury that they were not to presume that this collateral question had any relationship to defendant's guilt or innocence with respect to the charges on trial served to influence the verdict. Where an incident of alleged contact with a jury occurs, a verdict of guilt will be reversed where it appears that what happened makes it doubtful that even the single juror involved "was not affected in his freedom of action as a juror" (*Remmer* v. *United States,* 350 U. S. 377, 381–382) and that the incident is so inextricably prejudicial to defendant that its effect cannot be eliminated (*Gold* v. *United States,* 352 U. S. 985, revg. 237 F. 2d 764). At bar, not one juror, but three signified affirmatively their belief that an attempt at influencing their verdict had been made. Yet no explanation was allowed or further charge given to advise the jury that no adverse inference was to be drawn against defendant with respect to such incident. Under the circumstances, there resulted such an unfair trial as to require reversal, even though the denial of impartiality arose on a collateral issue (*People* v. *Birch,* 6 A D 2d 28). Moreover, it was error for the court to communicate with the jury in the absence of defendant and his counsel (N. Y. Const., art. I, § 6; Code Crim. Pro., §§ 356, 427; *People ex rel. Lupo* v. *Fay,* 13 N Y 2d 253, 256, 257; *People* v. *Merrihew,* 9 A D 2d 981; *People* v. *O'Keefe,* 280 App. Div. 546, 550; same case, 281 App. Div. 774; and 281 App. Div. 409, affd. 306 N. Y. 619). Notwithstanding defendant's probable guilt, errors which produce a denial of a fair and impartial trial are grounds for reversal and are not to be deemed harmless (*People* v. *Mleczko,* 298 N. Y. 153, 162; *People* v. *De Martino,* 252 App. Div. 476, 480; *People* v. *Herman,* 255 App. Div. 314, 316; *People* v. *Wilkie,* 286 App. Div. 835; *People* v. *Dovico,* 6 A D 2d 457, 458). Christ, Hill, Rabin and Benjamin, JJ., concur; Beldock, P. J., dissents and votes to affirm, with the following memorandum: While defendant must be present at all stages of the trial of the felony with which he is charged (*People* v. *Anderson,* 16 N Y 2d 282), the inquiry (after the charge and supplemental charge) with respect to alleged jury tampering was not part of the trial. Nor, in my opinion, may it be said that defendant did not receive a fair trial by reason of the momentary inquiry as to the possible jury tampering. No claim is made that defendant was not guilty of the crimes charged or that the verdict is against the weight of the evidence.