■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JEROME WEST, Appellant.— Judgment, Supreme Court, New York County, rendered on October 22, 1970, after jury trial, convicting defendant of possession of a weapon as a felony, affirmed. The single question before us is whether error was committed by the trial court in excusing Juror Cacchione after he had been sworn. The record reveals that on the *voir dire* Cacchione was asked by the People, *inter alia,* " Q. Is there anything about the nature of this case, the charges, that makes you think now sitting there that you couldn't be fair or impartial? A. No. Q. Would the fact that the defendants may be shown to have been members of the Black Panther Party prejudice you against them? A. No. Q. You have any special thoughts? A. No." Defense Counsel, so far as here pertinent, asked: " Q. Have you done any reading about the Black Panther Party at all? A. Occasionally. Q. In the newspapers? A. Yes. Q. Anywhere else? A. Well, in articles, it is mentioned in different publications. Naturally it is a much discussed topic." Cacchione was accepted as a juror and sworn. The following day Cacchione voluntarily came forward and revealed (though insisting he considered himself completely unprejudiced) that he had participated in a demonstration at the court regarding lowered bail for the Panther Twenty-one, had signed petitions to that effect, and also had written a letter to his union newspaper regarding the question. Cacchione testified that prior to the demonstration he had " curiosity interest, certain sympathy " with regard to the Black Panthers. In response to the court's question, the Assistant District Attorney, under oath, stated that had such information been originally available he would have exercised a peremptory challenge. The People's motion to excuse for cause was denied, whereupon the People elected to exercise a peremptory challenge. The court stated: " I have ruled on this under 371 of the Code that this juror although previously sworn *for good cause* is being excused on the exercise of peremptory challenge by the People " (italics supplied). The ruling is ambiguously worded in that it includes both " for good cause " and " on the exercise of a peremptory challenge ". There can be no dispute but that under section 371 of the Code of Criminal Procedure the court could have excused the juror,

though sworn, for good cause. In the absence of abuse that discretion could not be reviewed. (See, also, *People* v. *Beckwith*, 103 N. Y. 361.) It has also been held that a peremptory challenge is not a challenge for good cause (*People* v. *Hughes*, 137 N. Y. 29). Whether the "good cause" determination was triggered by the peremptory challenge or whether there was a mere inartistic wording of the disposition of the challenge without a determination of "good cause" may be debatable. Here the juror himself entertained some doubt that he had been frank in response to questions asked. The information volunteered by Cacchione might reasonably be construed as indicating that he did not possess the requisite indifference. Fairness to a defendant does not require unfairness to the People. The objective, so far as possible, is to obtain impartial jurors who can and will be fair to both sides. The task of the Judge in that respect is to further the attainment of the desired goal. It does not appear that any substantial right of this defendant was affected by the discharge of the juror. The court properly exercised its power, since courts have inherent power to do that which is reasonably necessary for the administration of justice. Statutes rarely cover every conceivable situation. Where gaps appear, or seem to exist, a rule of reason, reasonably and fairly applied, should, in the absence of prejudice, be sustained. While defendant's counsel did not specifically except to the ruling, he should be entitled to its benefit if there was error, and subject to its liabilities if, as is concluded, there was none. The judgment should be affirmed. Concur — Stevens, P. J., Capozzoli and Markewich, JJ.; McGivern and Murphy, JJ., dissent in a memorandum by Murphy, J., as follows: The defendant was convicted after a jury trial of possession of a gun, as a felony, and sentenced to imprisonment for a term not to exceed three years. The only issue raised on this appeal is that an improper ruling during the selection of the jury denied him a fair trial. The day after a particular juror (Cacchione) was sworn, he volunteered information which after a hearing was determined to be not sufficient for "good cause" disqualification. However, the court permitted a peremptory challenge by the District Attorney. In an effort to be candid with the court, the juror volunteered information which was not asked of him when he was examined by counsel. The substance of the juror's information to the court was that he (the juror) had participated in strikes relative to the fixation of bail in prior Black Panther cases. He brought it out, as he said, because "I feel it is only right that I do so. I consider myself completely unprejudiced and standing by everything I said yesterday in terms of the discussion". There is nothing in the record that demonstrates a basis for discharging the witness for "good cause" and the trial court, properly, so found. However, it was then error to permit a peremptory challenge of a sworn juror by the District Attorney. The court said: "Application to excuse him for cause is denied. You may exercise a peremptory challenge, if you wish." Whereupon, the People exercised a peremptory challenge and excused the juror. Objection was timely made by one of the members of defense counsel (there were three codefendants, each represented by separate counsel). "We object to this", and exception by the court noted. While the objection was made by counsel other than for this appellant, the language "We" and the prior agreement made by all counsel and the court, "objections being deemed made on behalf of all defendants so that we don't have to take the time to inquire whether everyone joins", clearly protects this appellant. Section 371 of the Code of Criminal Procedure deals with challenges to a juror as follows: "A challenge must be taken when the juror appears, and before he is sworn; but the court may, in its discretion, *for good cause,* set aside a juror at any time before the evidence is given in the action." (Italics supplied.) Here the juror was

sworn. Additional inquiry was made of him and the court, in its discretion, refused to discharge him for cause. The court's permitting counsel then to exercise a peremptory challenge was clearly violative of the immutable character of the statute permitting release only "for good cause" and constitutes reversible error. Moreover, this procedure violated section 385 of the Code of Criminal Procedure because it altered the sequence in which a challenge must be taken. "Challenges to an individual juror must be taken first by the people and then by the defendant." Permission of the People to exercise a peremptory challenge after the defendant had had his opportunity to challenge represented reversible error. In *People* v. *McQuade* (110 N. Y. 284, 292–293), the court said: "We are of opinion, however, that the order in which peremptory challenges are to be taken is matter of substance, and that section 385, so far at least as it requires the People to first exercise the right of peremptory challenge, is imperative and not directory. The right of peremptory challenge given to an accused person is a substantial right". In *People* v. *Hamlin* (9 A D 2d 173, 175) the court, in a similar situation, stated: "A reading of the record convinces us that it is unfortunate to have to repeat the trial but nevertheless we are compelled to reverse and grant a new trial on the grounds that the manner and method of selecting the jury herein was in violation of section 385 of the Code of Criminal Procedure and thus deprived the defendant of a substantial right." The judgment should be reversed and a new trial granted.