THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE RUBICCO and AUGUST RUBICCO, Appellants.— Appeal by defendants from two judgments (one as to each defendant) of the County Court, Westchester County, rendered May 5, 1971, convicting them of possession of gambling records in the first degree, upon a jury verdict, and sentencing them to a one-year penitentiary term. Judgments reversed, on the law, and new trial ordered. The facts upon which the judgments are based have been considered and determined to have been established. Upon the *voir dire* conducted pursuant to former 22 NYCRR 20.13, the trial court denied defendants an examination of prospective jurors concerning prejudice against persons of Italian origin, saying, "I don't care whether you want to call it Irish, German, American, Jewish, or anything else. I'm not going to ask that pointed question, and you, of course, have an exception, sir." Reversible constitutional error was thus committed, for an ethnic bias, often as invidious as a religious or racial bias, is a particular challenge for cause which would disqualify a juror from serving in the case (Code Crim. Pro., §§ 374, 376; *People* v. *Leonti*, 262 N. Y. 256; cf. *Ham* v. *South Carolina*, 409 U. S. 524). Reversible error was committed, too, by the trial court's limitation of defendants' cross-examination of the People's expert witness concerning his computation of the number of policy plays represented on the paper allegedly found in defendants' possession. In the absence of the latter errors, we would modify the judgments by reducing the offense of which defendants were convicted to possession of gambling records in the second degree (Penal Law, § 225.15), because, in our opinion, a number played in a policy scheme as a combination number represents but one play or

chance. Though it was unjustifiable for the trial court to have kept from defendants a copy of the paper to which the indictment refers until the direct examination of the People's expert witness, defendants were not substantially prejudiced by that error, for, as defendants' expert witness testified, the "slip looks the same to me as it looked 20 years ago." Though neither side has directed our attention to it, our examination of the record discloses that, when the People's expert witness was about to testify, defendants, upon being given a copy of the paper containing the alleged policy plays, requested an opportunity to have that small paper slip enlarged. The People thereupon objected that they did not want to delay their expert witness's examination, because he was ill. When counsel for one of the defendants inquired whether the People had a written medical statement concerning the condition of their expert witness, the court, in the jury's absence, stated: "We do things a little bit differently up here, Mr. Doyle. I'm perfectly willing to have the record show when I have a representation from any member of the District Attorney's staff of Westchester County, I accept it." While we do not regard the matter as error affecting the judgment, the court's statement reflected an injudicious disposition in favor of the People which should be inhibited, for it suggested not only partiality in favor of the People but an inclination towards them that may be had at a defendant's expense. In our opinion, the court's statement was inconsistent with that neutrality essential to the impartial discharge of judicial office. Munder, Shapiro, Gulotta and Christ, JJ., concur; Hopkins, Acting P. J., dissents and votes to affirm.