Memorandum. In affirming the Appellate Division’s order reversing the convictions and remanding the action for a new trial, this court does not reach the issue whether the Due Process Clauses of the State or Federal Constitutions required the asking of the voir dire question of ethnic prejudice submitted by defendants. Instead, the Appellate Division, a court vested with the same discretion as the trial court, would have been warranted in finding that the Trial Judge had not probed with sufficient sensitivity for disqualifying ethnic prejudice among the prospective jurors. (Compare Ham v. South Carolina, 409 U. S. 524, 526-527 with Commonwealth v. Ross, 296 N. E. 2d 810, 815-816 [Mass.], cert. den. sub nom. Ross v. Mass., 414 U. S. 1080, and United States v. Grant, 494 F. 2d 120 [2d Cir.], each involving in some way prejudice against “ race ” rather than ethnic groups.)
It was, moreover, error for the Judge to limit the cross-examination of the People’s witness who testified concerning the contents of the gambling slip.
On the other hand, the Appellate Division was unduly restrictive in holding that a combination bet in a policy scheme was but a single play within the statute (Penal Law, § 225.20). Subdivision 2 of the statute refers to plays while subdivision 1 refers to bets. The different usage should be accorded a differential in meaning. Hence, all of the plays in a single combination bet qualify as separate plays within the intendment of subdivision 2, for the purpose of determining the grade of crime.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Rabin and Stevens concur in memorandum.
Order affirmed.