■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM EADIE, Appellant. — Judgment unanimously reversed, on the law and facts, and new trial granted. Memorandum: These cases are before us for the second time (see *People v Cadby,* 75 AD2d 713; *People v Eadie,* 75 AD2d 714). On the prior appeals we remitted the matter for a hearing concerning the prosecutor's failure to deliver *Rosario* material and for a hearing to develop the facts concerning an ex parte communication between a court officer and the jury during its deliberations. We now reverse and order a new trial holding that the communication to the jury in the absence of defendants and their counsel constituted reversible error. The evidence establishes that at approximately 11 P.M., after a day of deliberation, the Trial Judge instructed a deputy to inform the jury that if they had not reached a verdict, they would be sequestered for the night. It is unclear whether the communication was intended to halt the jury's deliberations if no verdict had been reached, or merely to warn them that they would be sequestered shortly. The message was delivered to the jury, however, and it, in turn, sent a message back to the court. The exact wording of these messages is unknown, but 15 or 20 minutes after the jury received the message from the deputy, it returned verdicts of guilty in each case. There are two problems with these communications between the court and the jury.

First, it is possible that the jury interpreted the remarks as coercive and prejudicial, in which case appellants would be entitled to a new trial *(People v Carter,* 40 NY2d 933; *People v Faber,* 199 NY 256). But further than that, neither defendants nor their counsel were present at the time and a defendant has a right to be present at all stages of a criminal proceeding when "his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge" *(Snyder v Massachusetts,* 291 US 97, 105-106; *People v Ciaccio,* 47 NY2d 431, 436; NY Const, art I, § 6). Moreover, because counsel were not present, no record was made of the communications, and the parties' efforts at the hearing to reconstruct what had occurred were only partly successful. The People contend that the error, if any, was harmless, but we do not believe it can be so viewed. The witnesses at the hearing were unable to recall exactly what words were spoken to the jury, and more importantly the Judge's own testimony indicates that his message was susceptible to more than one interpretation. The jury, which had been deliberating for eight hours, reached a verdict within 15 or 20 minutes after receiving the court's message and, as we noted in our prior decision, one juror testified at the posttrial hearing that the lateness of the hour and the possibility of sequestration influenced the verdict. These were cases in which findings of guilt required the jury to resolve a clearly defined issue of credibility. On this record we are unable to find that the jury resolved that issue deliberately or fairly. (Appeal from judgment of Erie Supreme Court, Kasler, J. — sodomy, first degree.) Present — Cardamone, J.P., Simons, Hancock, Jr., Callahan and Denman, JJ.