■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH W. PIERCE, III, Appellant. — Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered December 9, 1981, upon a verdict convicting defendant of two counts of the crime of murder in the second degree and one count of the crime of rape in the first degree. After a jury trial, defendant was convicted of two counts of murder in the second degree and one count of rape in the first degree for the brutal rape and slaying of a young woman in Ulster County on February 10, 1981. Defendant was sentenced to concurrent terms of incarceration of 25 years to life for the murder convictions and 8⅓ to 25 years for the rape conviction. This appeal followed. Defendant first claims that reversal is required under *People v Rial* (25 AD2d 28, 31) because County Court violated CPL 270.35 by excusing a juror, who had informed the court that she was sick, without requiring any direct proof, such as by affidavit or testimony, that the juror was in fact ill and unable to continue service as a juror. This alleged error has not been preserved for our review because defendant did not object to the substitution of the juror (CPL 470.05, subd 2), and we decline to invoke our right to reverse as a matter of discretion in the interest of justice because there is nothing in the record to indicate that defendant was denied a fair trial by the substitution (see CPL 470.15, subd 6, par [a]) and, in fact, defendant makes no such claim. We would add that although defendant is correct that *Rial* (*supra*) held that a trial court should have before it a doctor's affidavit or testimony verifying that a juror is too ill to

proceed before substituting another for that juror, more recent authority supports a more flexible rule, specifically that, because the phrase "illness or other incapacity" as used in CPL 270.35 is not defined, these words should be given their common, everyday meaning and a court should exercise its judgment and discretion in deciding whether a juror is unable to continue serving (see *McShall v Henderson,* 526 F Supp 158, 162). We find without merit defendant's claim that the cumulative effect of statements and actions by County Court and the prosecutor prejudiced defendant. We note that certain of the acts about which defendant complaints did not occur as alleged. For example, County Court did not permit the introduction of identification testimony which was previously ruled inadmissible. The only identification testimony ruled inadmissible by County Court was that of witness Sloan concerning a pretrial identification of defendant at a suggestive lineup. The testimony cited by defendant is that of other witnesses, which was not ruled inadmissible and which defendant does not claim on this appeal should have been suppressed. Moreover, the curative instruction to the jury to disregard witness Williams' identification of defendant corrected any error in this testimony. Furthermore, contrary to defendant's contention that the jury was given exhibit No. 23, which was not admitted into evidence, the jury was given only, according to a juror quoted in the record, "the sticker with the stamp onto [*sic*] it". The other alleged improprieties, if they be such, simply do not rise to the level which requires reversal (see, e.g., *People v Whalen,* 59 NY2d 273, 280-281; *People v Bailey,* 58 NY2d 272). We also find no abuse of discretion in County Court's resolution of defendant's *Sandoval* motion or in the sentence imposed. County Court would have permitted defendant to be cross-examined only about the fact of conviction and not about the circumstances underlying the convictions. This course would have been most prudent considering that several of the prior crimes had aspects similar to the instant crimes, but would have had bearing on his trustworthiness and veracity as a witness. The sentence imposed is within the statutory limits and, in light of the brutality of the crimes and defendant's prior record of violence and sex crimes, cannot be deemed an abuse of discretion requiring modification. Judgment affirmed. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.