■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WILLIAMS, Appellant. — Judgment affirmed. All concur, except Green, J., who dissents and votes to reverse and grant a new trial, in the following memorandum.

Green, J. (dissenting). I must dissent. In my view, the trial court erred in denying defendant's challenges of two jurors for cause. Defendant is black and resided with a white woman and their child for eight years. During *voir dire,* two jurors admitted that they were opposed to interracial relationships and did not associate with black people. Nevertheless, both jurors stated that despite their admitted prejudice they could be objective and impartial. The trial court denied defendant's challenges against both jurors for cause reasoning that "a juror is entitled to have an opinion on sociological problems without being prejudiced." A trial court has wide discretion in this area but it is not without limit. A challenge for cause must be sustained where a prospective juror "has a state of mind that is *likely* to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20, subd 1, par [b]; emphasis added). I see no meaningful difference between the bias expressed against interracial relationships here and the prejudice " 'against minorities' " candidly admitted in *People v Blyden* (55 NY2d 73, 75; cf. *People v West,* 38 AD2d 548, affd 32 NY2d 944). In *Blyden (supra),* despite the fact the biased juror stated three times that he could put aside his feelings about minorities, defendant's conviction was unanimously reversed because the trial court abused its discretion in denying defendant's challenge for cause. In the instant case it is clear that the challenged jurors' initial responses during *voir dire* indicated a hostility to the defendant that cast serious doubt on their ability to render an impartial verdict. The credibility of defendant's girlfriend was crucial to the defense because she was the only witness to corroborate the time defendant left his house on the evening in question. At the time of jury selection, the trial court knew that defendant's girlfriend would testify. Given these circumstances, and the fundamental importance of a defendant's right to trial by an impartial jury, the trial court should have granted defendant's challenges for cause (see *People v Blyden, supra; People v Rubicco,* 42 AD2d 719, affd 34 NY2d 841). As the Court of Appeals stated in *People v Branch* (46 NY2d 645, 651), "the trial court should lean toward disqualifying a prospective juror of dubious impartiality, rather than testing the bounds of discretion by permitting such a juror to serve." Even if through such caution the court errs and removes an impartial juror, "the worst the court will have done * * * is to have replaced one impartial juror with another impartial juror" (*People v Culhane,* 33 NY2d 90, 108, n 3). For these reasons, the judgment of the trial court should be reversed and a new trial ordered. (Appeal from judgment of Cayuga County Court, Corning, J. — burglary, third degree.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.