■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HALIM MEHMEDI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered June 15, 1984, convicting him of two counts of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered. The facts have been considered and determined to be established.

The defendant was indicted and tried on charges of weapons possession as a result of driving a car in which two loaded, unlicensed guns were found pursuant to a lawful stop and search by police officers. The search for the guns was predicated on a police officer's observation of bullets in the console compartment between the front seats which were exposed to his view when the defendant opened the console to look for the car's registration. The defendant denied that he opened the console and claimed that he had no knowledge that the guns were in the car, which belonged to his brother.

After deliberations had commenced, the court received the following inquiry from the jury: "when searching for papers who opened the console[?]" The parties were reconvened and the record reflects the presence of the defense counsel and the prosecutor but the absence of the defendant. The jury was not returned to the courtroom and the court consulted with counsel in framing the answer to the jury's question. The court stated that it would give this written response: "The police officer said the defendant did. The defendant denies it". The defense counsel objected and requested that the court state instead that "defendant said he did not open the con-

sole". The defendant's attorney did not object to the defendant's absence from these proceedings.

CPL 310.30 provides, in relevant part: "At any time during its deliberation, the jury may request the court for further instruction or information with respect to the law, with respect to the content or substance of any trial evidence, or with respect to any other matter pertinent to the jury's consideration of the case. Upon such a request, the court must direct that the jury be returned to the courtroom and, after notice to both the people and counsel for the defendant, and *in the presence of the defendant,* must give such requested information or instruction as the court deems proper" (emphasis supplied). The Court of Appeals has held that, in framing its response to a jury's question, the court's discretion: "is circumscribed, as under the prior code provision [Code Crim Pro § 427, the predecessor to CPL 310.30], by the requirement that the court respond meaningfully to the jury's request for further instruction or information * * * The factors to be evaluated are the form of the jury's question, which may have to be clarified before it can be answered, the particular issue of which inquiry is made, the supplemental instruction actually given and the presence or absence of prejudice to the defendant" *(People v Malloy,* 55 NY2d 296, 302, *cert denied* 459 US 847).

Since the actual testimony on the issue of who opened the console consisted of two or three answers to questions, and the court's response contained that exact information, the response was certainly meaningful. Furthermore, the defense counsel never objected to the framing of a written response as opposed to an actual rereading of the testimony. Therefore, the defendant's claim that the actual testimony should have been read to the jury, raised for the first time on appeal, has not been preserved for appellate review (CPL 470.05 [2]).

However, the absence of the defendant from the proceedings in which the question was received and the answer framed and delivered to the jury was a fatal error which cannot be deemed waived even in the absence of a contemporaneous objection *(see, People v Ciaccio,* 47 NY2d 431). The defendant had an absolute right to be present, with counsel, at all proceedings concerning the court's charge, admonishments, instructions to the jury and responses to jury questions during deliberations *(see, People v Ciaccio, supra,* at pp 436-437; *People v Saccomanno,* 25 AD2d 528, 529; *Maurer v People,* 43 NY 1, 5). As the Court of Appeals held in *People v Ciaccio (supra,* at pp 436-437): "Where the court's instructions are

supplemental, coming after the jury has already once retired, they may well be determinative of the outcome of the case, coming as they do in response to questions raised by the jurors themselves. As such, the presence of the defendant and his counsel is constitutionally required whenever supplemental instructions are given, and failure to notify them is a fundamental error (US Const, 6th Amdt; NY Const, art I, § 6)". Accordingly, although the defendant's guilt was proven beyond a reasonable doubt, the judgment is hereby reversed and a new trial ordered. Lazer, J. P., Thompson and Eiber, JJ., concur.

Weinstein, J., dissents and votes to affirm the judgment of conviction, with the following memorandum: In my view the absence of the defendant from the proceedings whereby the jurors' inquiry was received and the court's answer framed and delivered does not, under these particular circumstances, warrant our reversal.

"Whether the error of the trial court in giving additional instructions to the jury in the absence of the accused is prejudicial in nature, and hence requires reversal of the conviction, may depend upon the circumstances of the case" (76 Am Jur 2d, Trial, § 1047, at 45). Due process requires a defendant's presence at trial in situations where a fair and just hearing would be thwarted by his absence. "The privilege of presence must bear a reasonably substantial relation to a defendant's opportunity to defend and is not constitutionally assured where his presence 'would be useless, or the benefit but a shadow' " *(People v Wilson,* 106 AD2d 146, 148, quoting from *Snyder v Massachusetts,* 291 US 97, 106-107).

The basic right of a person indicted for a felony to be personally present during his trial has been statutorily and judicially reinforced (CPL 260.20; *Snyder v Massachusetts,* 291 US 97; *supra; People v Trendell,* 61 NY2d 728). In the 1870 case of *Maurer v People* (43 NY 1, 3-5) the Court of Appeals made the following pronouncement: "The clause, 'during such trial,' as used in the statute,* includes all proceedings had in impaneling the jury, the introduction of evidence, the summing up of counsel, and the charge of the court to the jury, receiving and recording the verdict. In all these proceedings, the legislature has deemed the presence of the accused essential to the attainment of justice and the protection of the innocent. The charge of the court to the jury includes all instructions of the court to the jury upon points of law, and

---

* The statutory reference is to 2 Rev Stats 759, § 13 (Edmond's ed).

all comments upon the evidence. Those familiar with trials for crime must be aware that the presence of the accused is quite as necessary and important to him during the latter as the former * * * Any further communication made by the court to the jury is a part of the charge, and will influence the verdict quite as much, if not more, than the instructions given before the jury retired from the bar in the first instance. It is equally essential that the accused should be present, and the statute requires such presence, during the former equally with the latter. It makes no difference that the communications consist only of answers given by the court to questions proposed by the jurors * * * Any instructions or information given by the court to jury, having a tendency to influence the verdict, is, within the statute, a proceeding upon the trial, and this is prohibited unless the accused be present. A trial, wholly or in part, conducted in his absence is illegal, and he has an absolute right to a reversal of the judgment, and to a new trial".

In that case, the right to be present at every facet of the trial was held to be nonwaivable by either the accused or his counsel.

In an apparent retreat from the language of *Maurer v People (supra)*, the Court of Appeals has more recently held that a literal construction of the mandate requiring the presence of a defendant at his trial is not demanded. Rather, "[c]ommon sense dictates that substantial performance of its terms is sufficient" *(People v Mullen,* 44 NY2d 1, 5, citing *People v Bragle,* 88 NY 585, 590; *People ex rel. Lupo v Fay,* 13 NY2d 253, 256, *cert denied* 376 US 958). Thus, in *People v Mullen (supra)*, the Court of Appeals held that the Trial Judge's questioning of a juror in Chambers in the presence of both the prosecutor and defense counsel, after the entire jury had been impaneled and sworn, did not constitute a material part of the trial. Accordingly, the defendant's absence during the court's informal questioning of an already sworn-in juror did not have a substantial effect upon the defendant's opportunity to defend *(see, People v Mullen, supra)*.

It has been held that "there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction" *(Chapman v California,* 386 US 18, 22). The burden of proving constitutional error harmless is, of course, a heavy one, requiring that the State establish beyond a reasonable doubt that the error complained

of did not contribute to the verdict *(Chapman v California, supra,* at p 24).

A number of jurisdictions have applied the harmless error analysis to errors involving communications between courts and jurors. The United States Court of Appeals for the Second Circuit has dismissed as harmless error an improper communication between the court and jury in response to a question put to the court by the jury after it had retired to deliberate, which was not made in open court and which was made without the knowledge and consent of the defendant or his counsel *(see, Dodge v United States,* 258 F 300, *cert denied* 250 US 660). The court therein reasoned that no possible harm resulted or could result from that communication inasmuch as it contained no information which was not contained in the original charge. Errors in giving instructions in the absence of a defendant have been deemed harmless beyond a reasonable doubt where the substance of the additional instructions was essentially the same as the original instructions to which the defendant did not object *(see, State v McKee,* 312 NW2d 907, 915 [Iowa]; *People v Musser,* 53 Mich App 683, 219 NW2d 781, 787), where defense counsel was present and had the opportunity to hear the proposed instructions *(see, State v Lawrence,* 123 Ariz 301, 599 P2d 754, 760), and where it was inconceivable that had the defendant been present, he would have had some legal knowledge superior to that of his counsel which would have resulted in a different or more advantageous objection than that which was actually made *(see, State v Souza,* — RI —, 425 A2d 893, 901, *cert denied* 454 US 840).

In the instant case, the defendant was in no way prejudiced by the trial court's written response to the jury's request for clarification. By stating only what had transpired on record, i.e., that the police officer had said that the defendant had opened the console, thus exposing the bullets to plain view, and the defendant had denied the same, the trial court was careful to avoid making any determinations or interpretations of facts, which are the rightful province of the jurors. It is difficult to conceive of anything that the defendant could possibly have added in aid of his defense had he been present in the courtroom at the time the court was framing its response.

Significantly, although defense counsel was present at the time, he neither objected to his client's absence at a time when it could have been cured, nor moved for a mistrial on that ground. In light of these circumstances and the overwhelming evidence of the defendant's guilt, the alleged error

in responding to the jurors' inquiry while the defendant was absent from the courtroom did not in any way contribute to the verdict and was harmless beyond a reasonable doubt.

Inasmuch as the defendant's remaining contentions are without merit, the judgment of conviction should be affirmed.

