■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH WATSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered December 16, 1983, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the third degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant Keith Watson and his codefendant LaVerne Edwards were convicted of a September 2, 1982, robbery of a resident of a rooming house in the Village of Ossining. The defendant claims that a number of errors during the trial warrant a reversal. While three of the claimed errors merit some discussion, none call for reversal.

The defendant first contends that his confrontation rights were violated by the delivery of supplemental jury instructions in his absence. When, during deliberations, the jury requested additional instructions, defense counsel was permitted to waive the defendant's right to be present. Under CPL 310.30, additional instructions to the jury are to be delivered "in the presence of the defendant" and counsel cannot waive a defendant's right to be present *(see, People v Ciaccio,* 47 NY2d 431; *Maurer v People,* 43 NY 1; *see also, People v Mehmedi,* 118 AD2d 806). Nevertheless, the defendant forfeited his right to be present during the delivery of the additional instructions by leaving the courthouse during deliberations despite instructions to remain in the building *(see, People v Sanchez* 65 NY2d 436; *People v Greenridge,* 46 AD2d 947).

The defendant also claims that inadequacies in the prose-

cutor's opening statement necessitate a new trial. Although the statement failed to sufficiently relate the facts to the various crimes charged in the indictment (see, People v Kurtz, 51 NY2d 380, 384, cert denied 451 US 911), the general rule is that absent bad faith or undue prejudice, a trial will not be undone for deficiencies in an opening statement (People v De Tore, 34 NY2d 199, 207, cert denied sub nom. Wedra v New York, 419 US 1025). The trial court erred by declining to hear defense objections as to the inadequacy of the opening statement until after the first witness had testified. However, this error was harmless.

The trial court properly denied the defendant's motion for a mistrial because the curative instructions it delivered in response to the defendant's objection to testimony regarding suspects' names overheard at the scene of the robbery cured any prejudice which may have arisen (see, People v Santiago, 52 NY2d 865; People v Davis, 108 AD2d 924). We have examined the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Gibbons, Kooper and Spatt, JJ., concur.