■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

WILLIAM G. MORAN, JR., Also Known as PAUL STEWART, Appellant.—Motion by the defendant-appellant for reargument of an appeal from a judgment of the Supreme Court, Queens County (Beldock, J.), rendered September 11, 1982, convicting him of attempted murder in the second degree and criminal possession of a weapon in the second degree, which was affirmed by this court by order dated June 11, 1984 *(People v Moran,* 102 AD2d 1016). By order of this court dated March 6, 1985, the defendant, who had made a *pro se* motion for reargument, was granted leave to file a supplemental *pro se* brief. The motion for reargument was held in abeyance in the interim. By order dated August 13, 1985, the defendant was granted an extension of time in which to file his *pro se* brief. He has now done so, and the People have responded.

Motion for reargument granted, and, upon reargument, original determination adhered to.

The defendant, in his *pro se* brief, raises an argument not raised in the brief submitted by assigned counsel. He contends that reversal is necessary because the trial court, during jury deliberations, met with a juror privately, without notice to the defendant, the defendant's attorney, or the prosecutor. The record establishes that the court did, in fact, meet with a juror after having been informed by the jury foreman that that juror wished to speak to the court. The court explained to this juror that jury secrecy precluded him from discussing any aspect of the deliberations with her, but that she could, nonetheless, report to the court if any threats had been made against her. The juror stated simply that she understood. The juror made no further statement to the court and the brief interview was concluded.

We agree with the defendant that the court should not have spoken to this juror outside the presence of the attorneys for the parties *(see, People v Wilson,* 106 AD2d 146, 148-149; *People v Mott,* 94 AD2d 415, 420; *People v Saccomanno,* 25 AD2d 528; *People v Oliver,* 4 AD2d 28, 32, *affd* 3 NY2d 684; *People v Jelke,* 284 App Div 211, 218, *affd* 308 NY 56). However, in view of the insignificance of what was said during this interview, and in the absence of any showing of prejudice to the defendant, we conclude that the error was harmless. As improper as an ex parte communication between a trial court and a juror may be, the mere occurrence of such a communication does not warrant reversal of the judgment of conviction in the absence of any prejudice *(see, Rushen v Spain,* 464 US 114, *reh denied* 465 US 1055; *United States v Yonn,* 702 F2d 1341, *cert denied sub nom. Weeks v United States,* 464 US 917;

*United States v Bokine,* 523 F2d 767, 770; *People v O'Keefe,* 281 App Div 409, 416, *affd* 306 NY 619, *cert denied* 347 US 989; *see also, People v De Sousa,* 79 AD2d 712). No such prejudice is evident in the record on appeal.

Accordingly, we adhere to our original determination affirming the judgment under review. Mollen, P. J., Lazer, Brown and Eiber, JJ., concur.