■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JOSEPH MAZZAFERRO, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of murder in the second degree (Penal Law § 125.25 [2]). In June 1983, he assaulted and sexually abused a prostitute. He left her naked and semiconscious in a garbage dumpster containing a black tarry substance on an isolated dirt road. Her badly decomposed body was discovered two months later. On appeal, defendant contends that the People failed to establish his guilt by sufficient evidence. We disagree. Viewing the evidence in the light most favorable to the People, we find sufficient proof that defendant's reckless conduct "forged a link in the chain of causes which actually brought about the death" *(People v Stewart,* 40 NY2d 692, 697; *see, People v Kibbe,* 35 NY2d 407; *Kibbe v Henderson,* 534 F2d 493 [habeas corpus granted], *revd* 431 US 145).

Defendant also alleges error in the trial court's questioning of a juror during the jury's deliberations. The juror complained of stomach problems, and the record reflects that the trial court spoke to her, in the presence of defendant and both counsel, for three minutes. Defendant contends that the rest of the jury was improperly allowed to continue deliberating during that brief period. Any error that may have occurred was harmless *(cf., People v Moran,* 123 AD2d 646, *lv denied* 69 NY2d 830, 953). We have examined defendant's other contentions, and we find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Bergin, J.—murder, second degree.) Present—Doerr, J. P., Denman, Pine, Balio and Lawton, JJ.