COMMONWEALTH *vs.* DAVID L. HALL. March 19, 1985. *Practice, Criminal,* Motion in limine. *Habitual Offender.*

1. As the defendant had raised no question of lack of criminal responsibility (see Mass.R.Crim.P. 14[b][2][A], 378 Mass. 878 [1979]), the Commonwealth's motion in limine was properly allowed for the reasons advanced by the prosecutor and accepted by the trial judge. See *Commonwealth* v. *Sheehan,* 376 Mass. 765, 772-776 (1978); *Commonwealth* v. *Loretta,* 386 Mass. 794, 799-800 (1982); *Commonwealth* v. *Genius,* 387 Mass. 695, 700-701 (1982); *Commonwealth* v. *Robinson,* 14 Mass. App. Ct. 591, 597-598 (1982). Contrast *Commonwealth* v. *Gould,* 380 Mass. 672, 681-683 (1980) (first degree murder); *Commonwealth* v. *Schulze,* 389 Mass. 735, 739-740, 742 (1983) (question of lack of criminal responsibility); *Commonwealth* v. *Paszko,* 391 Mass. 164, 197 (1984) (first degree murder). 2. We need not consider whether trial counsel should be faulted for not making a more expansive offer of proof in opposition to the aforementioned motion because even now we are not told how the offer could have been expanded. 3. It appeared from exhibits 1 and 4 which were received in evidence at the trial of so much of the indictment as was drawn under G. L. c. 279, § 25, and from the clerk's minutes on the backs of those exhibits, that on February 25, 1977, the defendant had pleaded guilty to two separate indictments drawn under G. L. c. 266, § 15, which alleged separate and distinct offences committed at different times and places; that the defendant received concurrent sentences to M.C.I., Walpole, of from five to twelve years on both indictments; that those sentences were ordered to take effect forthwith and notwithstanding a sentence which the defendant was then serving in a house of correction; and that a separate mittimus issued on each indictment (G. L. c. 279, § 8). Those facts, when taken together with the further conviction under G. L. c. 266, § 15, which the defendant suffered in this case, warranted a finding that he was an habitual criminal within the meaning of G. L. c. 279, § 25. Compare *Commonwealth* v. *Phillips,* 11 Pick. 28, 34 (1831).

*Judgments affirmed.*

*Mark S. Roder* for the defendant.
*Joseph P. Musacchio,* Assistant District Attorney, for the Commonwealth.