## COMMONWEALTH *vs.* DAVID L. HALL.

Middlesex. January 6, 1986. — May 5, 1986.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Habitual Offender.*

A defendant who was convicted of a felony in 1984 and immediately thereafter tried for being a habitual offender under G. L. c. 279, § 25, was properly convicted on the habitual offender charge, where the evidence warranted the jury's finding that the defendant had been committed to prison for a term of three to five years on a 1972 conviction for breaking and entering with intent to commit a felony, and, therefore, even if, as contended by the defendant, his two 1977 convictions for breaking and entering with intent to commit a felony, for which he received concurrent sentences of five to twelve years, represented a single offense for purposes of § 25, the Commonwealth satisfied its burden of proving that the defendant had been "twice convicted of crime and sentenced and committed to prison . . . for terms of not less than three years each." [468-469]

INDICTMENT found and returned in the Superior Court Department on March 29, 1983.

The case was tried before *James P. Lynch, Jr.*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Mark Roder* for the defendant.

*Joseph P. Musacchio*, Assistant District Attorney, for the Commonwealth.

LIACOS, J. The defendant was convicted by a jury in the Superior Court in Middlesex County of breaking and entering in the nighttime with the intent to commit a felony. G. L. c. 266, § 15 (1984 ed.). He was arraigned immediately thereafter on an indictment charging him with being an habitual offender. G. L. c. 279, § 25 (1984 ed.). He pleaded not guilty and was tried before the same jury that had just convicted him on the breaking and entering charge. The jury returned a guilty verdict.

Pursuant to the statutory directive in G. L. c. 279, § 25, the defendant was sentenced to a term of incarceration of twenty years at the Massachusetts Correctional Institution (M.C.I.), Walpole (now Cedar Junction), the maximum penalty pre-scribed for violation of G. L. c. 266, § 15. On appeal, the Appeals Court affirmed the convictions. *Commonwealth* v. *Hall,* 19 Mass. App. Ct. 1004 (1985). We granted the defend-ant's request for further appellate review on the habitual offend-er conviction.

During the trial of the habitual offender charge, the Common-wealth introduced certified records of conviction indicating that the defendant thrice had been convicted of breaking and entering a dwelling with intent to commit a felony.[1] On the first conviction, which occurred in 1972, the defendant was sentenced to three to five years at M.C.I., Cedar Junction.[2] The second two convictions resulted from guilty pleas entered on the same day in 1977 to charges involving unrelated criminal incidents. The defendant received concurrent sentences of five to twelve years at M.C.I., Cedar Junction, on these convictions.

---

[1] The defendant argues that the Commonwealth failed to prove that he was the same David Hall named in the records of conviction that were introduced. This assertion is without merit. At the trial on the breaking and entering charge, the defendant took the stand in his own defense and was impeached on cross-examination by introduction of the same certified rec-ords of conviction. He admitted under oath that he was the individual named in those records. In the instant case, the Commonwealth introduced evidence of his admissions through a witness who had been in court and had heard the defendant's testimony.

[2] The record of this conviction is the endorsement on the back of a complaint issued in the Municipal Court of Brookline. We note that the District Court does not have jurisdiction over the offense of breaking and entering a dwelling in the nighttime with intent to commit a felony. See G. L. c. 218, § 26 (1984 ed.); *Commonwealth* v. *Lovett,* 374 Mass. 394, 398 n.4 (1978). Moreover, the District Court is without power to sentence a defendant to M.C.I., Cedar Junction. See G. L. c. 218, § 27 (1984 ed.); *Commonwealth* v. *Graham,* 388 Mass. 115, 123 (1983). The defendant, however, has not argued, with regard to his 1972 conviction under G. L. c. 266, § 15, that he was improperly tried and sentenced by the District Court. We therefore assume that the defendant was arraigned in the District Court on the charge of breaking and entering a dwelling in the nighttime with intent to commit a felony, but that he pleaded guilty in the Superior Court on the complaint after waiving indictment. See Mass. R. Crim. P.

Hall argues before us only the validity of his conviction as an habitual offender under G. L. c. 279, § 25. His argument is twofold: He asserts, first, that the 1977 convictions constitute a single conviction, sentence, and incarceration for purposes of G. L. c. 279, § 25, and, second, that the Commonwealth failed to prove he had been committed to prison for any period of time on the 1972 conviction.[3] Consequently, he claims that the judge erred in denying his motion for a required finding of not guilty.

General Laws c. 279, § 25, provides: "Whoever has been twice convicted of crime and sentenced and committed to prison in this or another state, or once in this and once or more in another state, for terms of not less than three years each, and does not show that he has been pardoned for either crime on the ground that he was innocent, shall, upon conviction of a felony, be considered an habitual criminal and be punished by imprisonment in the state prison for the maximum term pro-vided by law as a penalty for the felony for which he is then to be sentenced." By its plain language, the habitual offender statute requires the Commonwealth to prove, with regard to each predicate offense, not just the imposition of a sentence of three years or greater in prison, but some period of commit-ment to prison as well. See *Commonwealth* v. *Tuitt*, 393 Mass. 801, 812 n.11 (1985). In reviewing the denial of the defendant's motion for a required finding of not guilty, we must therefore determine whether the evidence regarding the 1972 conviction, viewed in the light most favorable to the Commonwealth, was sufficient to satisfy a rational trier of fact beyond a reasonable doubt as to this element of the crime charged. *Commonwealth* v. *Basch*, 386 Mass. 620, 622 (1982).

---

3 (b) (2) and 3 (c), 378 Mass. 847 (1979). This assumption is supported by our review of the transcript from the defendant's most recent trial on the breaking and entering charge. There he answered affirmatively when asked whether he was the same David Hall who was found guilty on May 1, 1972, in the Superior Court in Norfolk County of breaking and entering in the nighttime and sentenced to three to five years at M.C.I., Cedar Junction. See note 1, *supra*.

[3] The defendant concedes that the evidence was sufficient to prove all requisite statutory elements, including commitment, as to at least one of the 1977 convictions.

We consider the evidence submitted to the jury. A parole officer testified that the defendant had admitted to him that the defendant had been incarcerated for three to five years on a breaking and entering conviction prior to his 1977 convictions for the same offense. No evidence was introduced to suggest that the defendant's statement to the parole officer might have been in reference to any conviction other than the defendant's 1972 conviction for breaking and entering. The jury reasonably could have concluded, as a consequence, that the defendant was committed to prison on the 1972 sentence. Such a conclusion is supported by the testimony of a second parole officer. This witness stated that he first became aware of the defendant in 1972 when he screened the defendant's record at M.C.I., Concord, to determine whether the defendant might be eligible for inclusion in a drug program at that facility. Although the parole officer could not testify from personal knowledge that the defendant was in fact incarcerated at that time, the jury would have been justified in drawing such an inference. Lending still more support to the jury's resolution of the commitment issue is the absence on the record of conviction for the 1972 offense of any notation indicating that the three-to-five year sentence was suspended or that the defendant was placed on probation.

We conclude that the evidence adduced by the Commonwealth was sufficient to warrant a jury's finding beyond a reasonable doubt, and on the basis of inferences "not too remote in the ordinary course of events," *Commonwealth* v. *Vellucci*, 284 Mass. 443, 445 (1933), that the defendant was committed to prison on his 1972 conviction. The Commonwealth therefore satisfied its burden of proving that the defendant was "twice convicted of crime and sentenced and committed to prison . . . for terms of not less than three years each," even if the 1977 convictions represent a single predicate offense under G. L. c. 279, § 25.[4]

*Judgment affirmed.*

[4] Consequently, we need not determine whether the two 1977 convictions alone might have been sufficient under G. L. c. 279, § 25, to sustain the jury's verdict.