COMMONWEALTH *vs.* PATRICK KEANE.

No. 95-P-574.

Suffolk. September 12, 1996. - November 19, 1996.

Present: JACOBS, GILLERMAN, & IRELAND, JJ.

*Jury and Jurors. Practice, Criminal,* Deliberation of jury, Instructions to jury, Assistance of counsel. *Habitual Offender.*

At the trial of indictments, where the record clearly demonstrated that the judge did not believe, when he received a note from the deliberating jury, that the jury had engaged in "due and thorough deliberation" within the meaning of G. L. c. 234, § 34, there was no error in his sending the jury out for further deliberations with appropriate instructions after receiving from them a short time later another note indicating that the jury were deadlocked: consequently, there was no occasion for trial counsel to have objected to the procedure and thus no ineffective assistance of counsel for failing to have objected. [657-659]

On appeal from convictions, the defendant did not demonstrate that trial counsel had been ineffective for having allegedly abandoned the trial strategy during final argument or for failing to object to allegedly improper comments of the prosecutor in closing argument. [659-660]

Concurrent prison sentences, imposed for a defendant's conviction of separate and distinct offenses, together with a third conviction of a felony, supported the judge's finding of the defendant's habitual offender status pursuant to G. L. c. 279, § 25. [660]

There was no error in the bringing of an indictment alleging an habitual offender under G. L. c. 279, § 25, within the same indictment alleging the felony conviction of which would serve as the prerequisite for sentencing the defendant as an habitual offender. [660-661]

A defendant convicted of rape after a trial on an indictment alleging aggravated rape was not entitled to dismissal of an habitual offender indictment under G. L. c. 279, § 25, that specified the greater offense, where the aggravated rape indictment gave notice of the lesser included offense. [661]

INDICTMENTS found and returned in the Superior Court Department on November 3, 1992.

The case was tried before *Robert Malcolm Graham,* J.

*James H. Budreau* for the defendant.

*John P. Zanini,* Assistant District Attorney, for the Commonwealth.

JACOBS, J. Convicted of rape by a Superior Court jury, the defendant, after a jury-waived trial, was sentenced pursuant to G. L. c. 279, § 25, as an habitual offender. He appeals, essentially claiming jury coercion, ineffective assistance of counsel, and erroneous denial of his motion to dismiss the habitual offender indictment. We affirm.

1. *Coercion of the jury.* Arguing that the judge's instruction pursuant to *Commonwealth* v. *Rodriquez,* 364 Mass. 87 (1973), was coercive in the circumstances, the defendant asserts his trial counsel's failure to object was an error so substantial as to require reversal of his rape conviction. The relevant events are as follows: Following a trial of nearly three days duration on four indictments alleging two aggravated rapes, assault and battery, and breaking and entering in the nighttime with intent to commit a felony, the jury began its deliberations on Tuesday morning, April 12, 1994. At 3:10 P.M., the jury submitted two questions relating to the substantive elements of the breaking and entering charge (the first note). The jury resumed deliberation at 10:12 A.M. on Wednesday, April 13, shortly after the judge had given answers to their questions and further instruction. That afternoon, the judge received a second note from the jurors. At 4:00 P.M., he informed the jurors "I did receive your note [the second note] earlier and shared it with the lawyers. I am going to excuse you at this point. You came in early and have had a long day. But I am going to ask you to come back tomorrow and try again. So we are going to ask you to come back here tomorrow at nine o'clock and give it another try." Significantly, the judge also stated to the jury, "It may be at some point tomorrow that I have some further instructions to give you." The following day, Thursday, April 14, the prosecutor, in an apparent reference to the second note, observed that it had come in at approximately 2:30 to 3:00 P.M., and that it "indicated a deadlock, and you [the judge] did not bring them down," to which the judge responded, "That's correct." That day, Thursday, the jury resumed deliberations at 9:25 A.M. They returned to the courtroom at 9:50 A.M., at which time the judge indicated that he had received a third note from the foreman which read, "We have been in a deadlock since last Monday. There has been no

movement." The judge then instructed the jury in terms substantially identical to the modified *Commonwealth* v. *Tuey*, 8 Cush. 1, 2-3 (1851), charge, appearing in *Rodriquez, supra* at 101-102, and directed that they resume their deliberation. The defendant claims his counsel failed him at this point by not objecting. After further deliberating for less than two hours, the jury dispatched another note to the judge stating, "[W]e have two verdicts and [are] hopelessly deadlocked on the other charge[s]. Do you want to know what the verdicts are[?]" Without objection, the judge took the jury's verdicts of guilty on a lesser included offense of rape on one of the indictments charging aggravated rape, and not guilty on the breaking and entering indictment. He declared a mistrial as to the indictments charging assault and battery and a second aggravated rape after the jury foreman stated in open court that the jury had been unable to agree upon verdicts as to those indictments.

"General Laws c. 234, § 34, stands guard to prevent jurors, after 'due and thorough' deliberations, from being coerced into reaching a verdict in the face of views conscientiously reached and held." *Commonwealth* v. *Winbush*, 14 Mass. App. Ct. 680, 682 (1982).[1] See also *Commonwealth* v. *Jenkins*, 416 Mass. 736, 737 (1994). The record clearly demonstrates that the judge did not believe, at the time he received the jury's second note, that they had engaged in "due and thorough deliberation." In the circumstances, it is a reasonable inference that the second note expressed nothing so urgent as to require a particular response from the judge.[2] He did not "return" the jury to the courtroom upon receiving the second note and when he did address them at 4:00 P.M., in the course of adjourning deliberations for the day, he

---

[1]The full text of G. L. c. 234, § 34, is as follows: "If a jury, after due and thorough deliberation, return to court without having agreed on a verdict, the court may state anew the evidence or any part thereof, explain to them anew the law applicable to the case and send them out for further deliberation; but if they return a second time without having agreed on a verdict, they shall not be sent out again without their own consent, unless they ask from the court some further explanation of the law."

[2]While we discern no error deriving from the treatment of the second note from the jury, we suggest that judges, even in the absence of a request by counsel, establish a clear record of the contents of any communication from the jury and the court's reaction to it. Compare *Commonwealth* v. *Mayne*, 38 Mass. App. Ct. 282, 288-289 (1995).

indicated in an apparent reference to the *Rodriquez* charge that the time had not arrived for further instruction. Cf. *Commonwealth* v. *Winbush, supra* at 683. Upon receiving the jury's third note, the judge's immediate use of the *Rodriquez* charge was an indication he then had determined that the jury, at that juncture, had deliberated in a due and thorough fashion. See *Commonwealth* v. *Valliere,* 366 Mass. 479, 496 (1974); *Commonwealth* v. *Jenkins,* 34 Mass. App. Ct. 135, 141 (1993) ("It is not until a judge determines, as matter of discretion, that the jury's deliberations have been 'due and thorough' that a jury's return counts under the statute"), *S.C., Commonwealth* v. *Jenkins, supra* at 738 ("We accept the Appeals Court's view that, where there is nothing to indicate the contrary, the giving of a *Rodriquez* charge on the first return of the jury that is significant for our purposes implied that the judge had concluded that the jury's deliberations were 'due and thorough' in the words of § 34''). We, therefore, conclude the judge did not err in sending the jury out to deliberate after receiving the third note and, consequently, there was no occasion for objection by trial counsel.

2. *Ineffective assistance of trial counsel.* The defendant claims that trial counsel, after maintaining a consent "defense" during the Commonwealth's case, abruptly abandoned it in her closing argument. A fair reading of that argument reveals that while counsel did not use the word "consent," the clear import of her remarks was that nothing happened during the defendant's encounter with the alleged victim that was not consensual.[3] That approach, combined with counsel's broad attack on the Commonwealth's proof, neither deprived the defendant of a defense nor can it reasonably be construed as below standard representation.

The defendant also claims trial counsel was ineffective in failing to object to two comments by the prosecutor. The defendant fails to show, however, that the comments were not based on record evidence or that the inferences suggested to

---

[3]The record reveals that defense counsel informed the judge that she was experiencing difficulty with the defendant with respect to the prospective subject of argument. Appellate counsel speculates that the defendant had objected to a consent defense. In any event, as we have indicated, trial counsel's argument was not ineffective, especially in view of the fact that the defense rested without presenting evidence. The record does not support the defendant's contention that trial counsel defaulted on any of her obligations in closing argument.

the jury by the prosecutor were improper. See *Commonwealth* v. *Ferreira*, 381 Mass. 306, 316 (1980).

3. *Denial of motion to dismiss the habitual offender indictment.* The defendant claims three errors in the denial of his motion to dismiss his indictment under G. L. c. 279, § 25.[4] The habitual offender allegation was contained in the same indictment as charged the defendant with aggravated rape and also set forth the two predicate prior convictions. The motion to dismiss was filed after the defendant's conviction of rape under that indictment and prior to his jury-waived trial on the habitual offender charge. First, he asserts that the two prior convictions described in the indictment do not implicate the habitual offender statute because he served concurrent sentences for those convictions, and thus was not "twice . . . committed to prison." Concurrent prison sentences, imposed for separate and distinct offenses, together with a third conviction of a felony, support a finding of habitual offender status under the statute. *Commonwealth* v. *Hall*, 19 Mass. App. Ct. 1004 (1985), *S.C.*, 397 Mass. 466 (1986) (where the Supreme Judicial Court affirmed on grounds unrelated to the issues here presented). Next, the defendant claims he was prematurely indicted as an habitual offender before he was convicted of his third felony. Our case law, however, indicates that indictment under G. L. c. 279, § 25, and its predecessors, is often included within the same indictment as charges the felony, conviction of which serves as predicate for sentencing as an habitual criminal. See *Commonwealth* v. *Graves*, 155 Mass. 163, 163-164 (1892) (indictment for abortion also charged defendant with being an habitual criminal, specifying two prior crimes, and the jury were instructed that if the defendant was the person named in the record of prior convictions and sentences and they found him guilty of abortion as charged, they were authorized to find he was an habitual criminal). See also *Commonwealth* v. *Hall* 19 Mass. App. Ct. at 1004. Not only are we not directed to authority supporting the defendant's contention, but common sense and reasons of

---

[4]General Laws c. 279, § 25, provides, in relevant part: "Whoever has been twice convicted of crime and sentenced and committed to prison . . . shall, upon conviction of a felony, be considered an habitual criminal and be punished by imprisonment in the state prison for the maximum term provided by law as a penalty for the felony for which he is then to be sentenced."

judicial economy support the long-standing practice implicitly approved by our courts. Finally, the defendant, without benefit of authority, argues that the habitual offender indictment, which specified aggravated rape as his third crime, should have been dismissed upon his conviction of the lesser included offense of rape. He attempts to buttress this contention with the argument that his State and Federal constitutional rights were somehow affected by his not having specific notice that the felony of rape would be used to support his sentence as an habitual offender. This argument overlooks that G. L. c. 279, § 25, essentially governs sentencing and does not set forth a substantive crime. It also ignores that an indictment for aggravated rape clearly gives notice of the lesser included crime of rape. Compare *Commonwealth* v. *Gagnon*, 387 Mass. 768, 769 (1982), cert. denied, 461 U.S. 921 and 464 U.S. 815 (1983); *Commonwealth* v. *Washington*, 15 Mass. App. Ct. 378, 383-384 (1983). Not only is the felony of rape a conceptual component of the crime of aggravated rape but the definition of the word "rape" when used in an indictment comprises a verbatim part of the indictment definition of the words "aggravated rape." See G. L. c. 277, § 39. The judge did not err in denying the defendant's motion to dismiss the indictment.

*Judgment affirmed.*

*Order denying motion to dismiss affirmed.*