The defendant appeals his conviction of one count of possession of child pornography, arguing that the jury were coerced to reach a verdict in violation of G. L. c. 234, § 34. He also appeals the denial without a hearing of (1) his motion for a new trial asserting ineffective assistance of counsel during plea discussions, and (2) his motion for reconsideration of that ruling. We affirm.
Jury coercion. The defendant was indicted in 2013 on one count of dissemination of child pornography, G. L. c. 272, § 29B, and three counts of possession of child pornography, G. L. c. 272, § 29C. The case was tried to a Superior Court jury in July, 2014. After two days of testimony, the jury heard closing arguments and the judge's charge and then deliberated for approximately three hours.
Deliberations resumed the next day; at about 10:15 a.m. the jury sent a note, signed by the foreperson, stating, "So on behalf of the majority of the jury, we would like to know what the next steps will be if we cannot reach an agreement unanimously." The judge, with the agreement of the defense and the Commonwealth, determined that deliberations had not been so thorough as to warrant a Tuey-Rodriquez charge[2] and therefore brought in the jury and gave the instruction approved in Commonwealth v. O'Brien, 65 Mass. App. Ct. 291, 297 (2005), directing the jury to continue deliberating.
After doing so, the jury sent another note, which the judge read to counsel at 12:18 p.m., signed by the foreperson and stating, "We the jury have concluded that no amount of discussion will change the fact that we will not be able to reach a unanimous verdict on any of the four indictments." The defense requested the Tuey-Rodriquez charge, and the Commonwealth did not object. The judge announced her finding that the jury had engaged in "due and thorough deliberations" and therefore called in the jury, gave the Tuey-Rodriquez charge, and excused them to resume deliberations.
Shortly thereafter, the jury sent another note, asking "Would it [sic] possible to get a copy of the instructions you have just given us?" With the agreement of the defense and the Commonwealth, the judge sent the jury a copy of her Tuey-Rodriquez charge and then declared a lunch recess until 2 p.m.
Sometime early that afternoon, the jury sent out another note, asking, "Can we unanimously agree to the distribution charge and not agree on the three possession charges?" The judge asked for counsel's views on how to respond. Significantly, defense counsel, the prosecutor, and the judge all agreed that the note was a question, rather than a report. It did not indicate that the jury could not agree on the three possession charges; nor, as the prosecutor pointed out, did it state that they had actually reached unanimity on the distribution charge. The judge stated, "If they report back again that they're deadlocked, we all know that the statute[3] says I can't se[nd] them out again. After they've reported for a second time, they're deadlocked unless they agree to it." (Emphasis added.) Defense counsel stated, "They can return a verdict on one, and if-if they can't return a verdict on the other, they can inform the Court that they cannot return a verdict on the other" (emphasis added).
The judge therefore proposed that she answer the question by stating that each charge should be considered separately, that a decision on one charge did not control a decision on the others, and that "[i]f you have reached a decision on one charge, that is progress, and I ask you to continue deliberating on the remaining charges at this time." Defense counsel and the prosecutor both agreed to this approach.[4]
The jury were brought into the court room, the judge answered their question substantially as agreed upon, and they were excused to resume deliberations. Later that afternoon,[5] the jury returned verdicts of not guilty on the distribution charge and two possession charges and guilty on one possession charge.
On appeal, the defendant (represented by new counsel) reverses course, arguing that the jury's final note "did not ask for any further explanation of the law" but rather "conveyed that they were deadlocked on the three possession charges." This, the defendant now claims, constituted the jury's second "return ... without having agreed on a verdict" under G. L. c. 234, § 34,[6] thus barring the judge from instructing them to continue deliberating, unless they consented (which they did not). In short the defendant argues that the jury were deadlocked, but were coerced into reaching a verdict, in violation of the statute.[7] We do not agree.
The jury's final note was, on its face, phrased as a question about the options available to them, not as a statement that they had reached an impasse on any of the charges. Moreover, it was understood as a question by trial counsel, the prosecutor, and the judge. We think some deference is due to this express and unanimous understanding of those present (at least as compared with the defendant's post hoc interpretation on appeal), particularly where it is consistent with the wording of the note itself. It is "clear that a return to court to receive answers to questions asked by the jury does not bring the statute into operation." Commonwealth v. Valliere, 366 Mass. 479, 496 (1974). To the extent that the final note was unclear, an ambiguous communication from the jury does not constitute a return (i.e., a pronouncement of deadlock) for purposes of the statute. See Commonwealth v. Winbush, 14 Mass. App. Ct. 680, 683 (1982).
Lastly, the jury had already made clear, through the clear and emphatic wording of their 12:18 p.m. note, that they knew how to convey the existence of a deadlock if one existed. Their final, quite differently-worded note, posing a question and making no such declaration of inability to agree, was not a return for statutory purposes. We conclude that there was no violation of G. L. c. 234, § 34.
Ineffective assistance of counsel in plea discussions. The defendant's motion for a new trial, filed almost two years after trial, asserted that trial counsel had been ineffective by failing to communicate to the defendant a favorable plea offer made by the Commonwealth while the case was still in the District Court awaiting indictment. In his supporting affidavit, the defendant asserted that trial counsel (1) had informed him only of an offer to allow him to plead guilty to a charge of possessing child pornography, which would require him to register as a sex offender; and (2) had never informed him of any offer to allow him to plead guilty to a charge of photographing an unsuspecting person in the nude,[8] which would have allowed him to avoid sex offender registration. The affidavit stated that if the defendant had been informed of this offer, he would have accepted it.
The motion judge, who was also the trial judge, declined to credit the defendant's affidavit and therefore denied the motion without a hearing. The judge noted that, as shown by the transcript of the first day of trial (prior to jury empanelment), the parties had discussed, in open court and with the defendant present, the possibility of a plea. At that time, the defendant's trial counsel had recounted the Commonwealth's prior offer to allow the defendant to plead to a "possession of obscenity charge, which is not registerable," with a recommended sentence of four years probation, and had confirmed that the defendant had rejected it. The prosecutor similarly stated at that time that the defendant had been offered the opportunity to plead to photographing an unsuspecting person in the nude, a nonregisterable offense, and had rejected it. Although their memories differed as to the precise charge that was the subject of the offer, trial counsel and the prosecutor agreed on the critical point-now disputed by the defendant's affidavit-that he was offered but rejected the opportunity to plead to a nonregisterable offense.[9]
On appeal of a ruling on a motion for a new trial, we review for "a significant error of law or other abuse of discretion," and we "extend [ ] special deference to the action of a motion judge who was also the trial judge," as was the case here. Commonwealth v. Grace, 397 Mass. 303, 307 (1986). A judge is not required to credit a defendant's affidavit or to hold a hearing on a motion for a new trial, even where nothing in the trial record directly contradicts the affidavit. See Commonwealth v. Rzepphiewski, 431 Mass. 48, 55-56 (2000) ; Commonwealth v. Scoggins, 439 Mass. 571, 578 (2003) (defendant's self-serving affidavit in support of new trial motion raised no substantial issue warranting evidentiary hearing).
A fortiori, the judge here was not required to credit or hold a hearing based upon the defendant's affidavit, filed almost two years after trial and directly contradicted by his own counsel's statements, made in his and the judge's presence, at the time of trial. We see no error of law or abuse of discretion in the judge's denial without a hearing of the defendant's motion.
The defendant moved for reconsideration of that ruling, and he attached to that motion an affidavit from postconviction counsel stating that counsel had "spoke[n] with trial counsel regarding plea offers made by the Commonwealth in the District Court" and "trial counsel denied that the Commonwealth had offered the defendant a plea to a nonregisterable offense."[10] As trial counsel's statement to postconviction counsel (1) was flatly contradicted by trial counsel's own statement made directly to the judge almost two years earlier, (2) was unaccompanied by any explanation or even acknowledgment of the contradiction, and (3) was not contained in an affidavit from trial counsel himself, we think it obvious under the above-stated principles that the judge did not abuse her discretion in denying the motion for reconsideration.
Judgment affirmed.
Order denying motion for new trial affirmed.
Order denying motion for reconsideration affirmed.

See Commonwealth v. Tuey, 8 Cush. 1, 2-3 (1851) ; Commonwealth v. Rodriquez, 364 Mass. 87, 101-102 (1973) (Appendix A).

At the time of trial, G. L. c. 234, § 34, provided:
"If a jury, after due and thorough deliberation, return to court without having agreed on a verdict, the court may state anew the evidence or any part thereof, explain to them anew the law applicable to the case and send them out for further deliberation; but if they return a second time without having agreed on a verdict, they shall not be sent out again without their own consent, unless they ask from the court some further explanation of the law."
In 2016, G. L. c. 234 was repealed in its entirety, see St. 2016, c. 36, § 1, and the language of § 34 was reenacted as G. L. c. 234A, § 68C. See St. 2016, c. 36, § 5.

At oral argument the defendant asserted that the judge's response did not actually provide a yes or no answer to the jury's question. This does not negate the fact that the judge, like the prosecutor and trial counsel, viewed the note as a question, nor do we see any error or abuse of discretion in the way the judge chose, with the parties' agreement, to respond to it.

The defendant's brief on appeal asserts without record support that the jury returned their verdict "[m]oments later." The transcript indicates that after the verdicts were recorded, and the judge excused the jury and then stated she was "going to talk to [them] and [would] be back in about five minutes," the judge returned to the bench, stated that it was 4:15 p.m., and suggested that the matter be continued for sentencing at a later date.

The parties agree that the jury's 12:18 p.m. note constituted the first such return.

In addition to the statute, the defendant also cites Jenkins v. United States, 380 U.S. 445, 446 (1965) (per curiam) ("[T]he principle that jurors may not be coerced into surrendering views conscientiously held is so clear as to require no elaboration"). For essentially the same reasons that we decide there was no violation of the statute here, we see no violation of this principle.

The District Court docket sheet is not in the record. We presume the reference is to an offense defined by G. L. c. 272, § 105(b ), prior to its 2014 amendment. See St. 2014, c. 43, § 2.

It is unclear what trial counsel meant by his reference to "the possession of obscenity charge," as the District Court docket is not in the record before us, and the seemingly most similar offense, defined by G. L. c. 272, § 29, criminalizes not simple possession of obscene matter, but only its dissemination or possession with intent to disseminate. That offense, like photographing an unsuspecting person in the nude, G. L. c. 272, § 105(b ), is not one the conviction of which requires registration as a sex offender. See G. L. c. 6, § 178C (defining "sex offense" for purposes of sex offender registration law).

Also attached to the motion was a second affidavit of the defendant, stating that, while he recalled a discussion of a plea offer on the first day of trial, he "believed that the plea offer they were discussing was the plea offer presented to [him] by [his] trial attorney which required that [he] plead guilty to one count of [p]ossession of [c]hild [p]ornography, be placed on probation and register as a sex offender." The affidavit reiterated that "[t]his was the only plea offer ever presented to [him] by [his] trial attorney." This affidavit added nothing of substance to his first affidavit and was equally irreconcilable with trial counsel's and the prosecutor's statements to the judge almost two years earlier.