In July, 2006, the defendant, Larry Ahart, was indicted on charges of unlawful possession of a firearm, in violation of G. L. c. 269, § 10 (a ), and being an armed career criminal, in violation of the armed career criminal act (ACCA), G. L. c. 269, § 10G (c ). The defendant was convicted of the firearms charge in 2009, and a second jury found the defendant guilty of the subsequent offender allegations in 2011. Pursuant to the ACCA, the defendant was sentenced to a mandatory minimum term of imprisonment of not less than fifteen years and not more than fifteen years and one day. In an earlier appeal, we affirmed his convictions and orders denying several posttrial motions. See Commonwealth v. Ahart, 88 Mass. App. Ct. 1114 (2015).
The defendant now appeals from the denial of his motion for relief from unlawful confinement. He contends that two of the three predicate convictions that render him an armed career criminal under § 10G (c ) were not "the results of separate, sequential prosecutions" as the ACCA requirement has been interpreted by Commonwealth v. Resende, 474 Mass. 455, 469 (2016). We affirm, substantially for the reasons set out in the motion judge's thorough and well-reasoned decision.
Discussion. We review questions of statutory interpretation de novo. Commonwealth v. Garvey, 477 Mass. 59, 61 (2017). The defendant's three predicate offenses are as follows. (1) In April, 2002, the defendant was convicted of assault by means of a dangerous weapon. He was placed on straight probation, but his probation was revoked, and he served an eight-month period of incarceration. That sentence was later converted to a term of straight probation, and he was released. However, on May 16, 2003, the defendant was arraigned on a charge of distributing a class B substance. On the same day he was detained for violating his probation on the 2002 offense. Five days later, on May 21, 2003, he stipulated to a violation of probation, his probation was revoked, and he was sentenced to eighteen months in the house of correction, less time served. (2) The defendant was convicted of the drug offense in June, 2003. He was sentenced to two years' confinement with ten months to serve, concurrent with the 2002 conviction. (3) In July, 2004, the defendant was convicted of assault by means of a dangerous weapon. He was sentenced to six months in the house of correction.
The defendant contends that the first and second convictions were not the product of "legally separate and sequential prosecutions," since he ultimately was reprobated and received a term of straight probation for the 2002 conviction. The defendant further maintains that he was not sentenced to a term of incarceration until he violated his probation when charged with the 2003 offense, that the 2002 and 2003 offenses therefore are not sequential, and that the offenses were not separate or sequential because his jail sentences ran concurrently with one another.
The ACCA states as follows in relevant part:
"Whoever, having been previously convicted of three violent crimes or three serious drug offenses, or any combination thereof totaling three, arising from separate incidences, ... shall be punished by imprisonment in the state prison for not less than 15 years nor more than 20 years" (emphasis supplied).
G. L. c. 269, § 10G (c ), inserted by St. 1998, c. 180, § 71.
In Resende, 474 Mass. at 469, the Supreme Judicial Court held that sentencing enhancement under the ACCA "applies only when a defendant's previous convictions of three qualifying crimes 'arising from separate incidences' were the results of separate, sequential prosecutions." "In reaching this conclusion, the court reasoned that sequential prosecutions occur when 'the first conviction (and imposition of sentence) occur before the commission of the second predicate crime, and the second conviction and sentence occur before the commission of the third crime.' " Commonwealth v. Widener, 91 Mass. App. Ct. 696, 703 (2017), quoting Resende, supra at 466-467.
The defendant maintains that Resende and Widener require reversal here because he was not "sentenced" to a term of incarceration until his probation was violated, and he had not served a completed sentence of incarceration at the time of the second offense. In Resende, the defendant was convicted of five counts of drug distribution resulting from hand-to-hand transactions that took place on five different days within a seventeen-day period. Resende, supra at 456. Moreover, "[a]ll of the counts were included in a single set of charges." Id. The court concluded that his convictions were the result of a single prosecution and therefore, represented a single "incidence" for purposes of the ACCA. Id. at 470. In Widener, this court held that the defendant's convictions did not result from "sequential prosecutions" because the guilty pleas and sentences imposed for separate crimes occurred at a single hearing and the defendant committed the criminal conduct for both predicate offenses before he pleaded guilty to either. 91 Mass. App. Ct. at 701, 704.
Here, the defendant's 2002 and 2003 convictions were for two separate crimes. They occurred over one and one-half years apart, were charged in separate complaints, and resulted in guilty pleas at separate hearings. The defendant's first conviction and imposition of sentence (probation) occurred before the commission of his second crime and imposition of sentence (incarceration).[1] Therefore, the qualifying crimes "arising from separate incidences" were "the results of separate, sequential prosecutions." Resende, 474 Mass. at 469.
A conviction and sentence need not result in an incarceration in order to constitute a separate and sequential prosecution. The ACCA incorporates the recidivist philosophy; the "point of sentence enhancement is to punish more severely offenders who have persevered in criminal activity" after penal discipline. Id. at 467, quoting Commonwealth v. Shiffler, 583 Pa. 478, 494 (2005). Accord Commonwealth v. Baez, 480 Mass. 328 (2018). More succinctly, the ACCA permits an enhanced penalty for a subsequent offense in a separate prosecution once the defendant has been given an "opportunity for reform." Resende, supra at 468 n.21, quoting Commonwealth v. McClintic, 589 Pa. 465, 483 (2006).
The defendant was given an opportunity to reform when he was placed on probation. "The purpose of probation rather than immediate execution of a term of imprisonment in large part is to enable the [convicted] person to get on his feet, to become law abiding and to lead a useful and upright life under the fostering influence of the probation officer" (quotation omitted). Commonwealth v. Wilcox, 446 Mass. 61, 64 (2006). See Commonwealth v. Eldred, 480 Mass. 90, 95 (2018) ("The primary goals of probation are twofold: rehabilitation of the defendant and protection of the public from the defendant's potential recidivism"). Here, "the punishment imposed against [the] offender," i.e., probation, "failed to deter him from further infractions, [and] a harsher and more severe penalty [was] justified" under the ACCA. Resende, 474 Mass. at 468, quoting State v. Lohrbach, 217 Kan. 588, 591 (1975).
The defendant's contention that sequential and separate prosecutions require a completed period of incarceration, and not straight probation, is also belied by the plain language of the statute. The ACCA provides enhanced penalties for a defendant who has been "previously convicted." This language may be contrasted with "one provision in the habitual criminal statute, G. L. c. 279, § 25 [ (a ), which] provides for an enhanced penalty where a defendant has two prior convictions resulting in State or Federal prison sentences of three years or more." Commonwealth v. Garvey, 477 Mass. at 59. As the motion judge aptly noted, if the Legislature wanted to require that the defendant serve all or part of a State or Federal prison sentence for purposes of enhanced sentencing under the ACCA, it knew how to do so, and "would have inserted appropriate language to that effect." Surrey v. Lumbermens Mut. Cas. Co., 384 Mass. 171, 176 (1981). See Resende, supra at 463 ("[W]e ... seek guidance from ... the language and construction of related statutes" [quotation omitted] ).
Having decided that the convictions and sentences in this case were separate, distinct, and sequential, there is no basis for the defendant's argument that concurrent sentences violated the statute. Contrast Resende, supra at 469-470. Cf. Commonwealth v. Keane, 41 Mass. App. Ct. 656, 660-661 (1996) (sentencing of defendant as habitual offender was proper even though sentences for two predicate convictions were served concurrently), cited with approval in Garvey, supra at 64; Commonwealth v. Hall, 19 Mass. App. Ct. 1004 (1985), S.C., 397 Mass. 466 (1986) (same).
Order denying motion for relief from unlawful confinement affirmed.

The panelists are listed in order of seniority.

The defendant maintains that "a term of straight probation is not a sentence." Commonwealth v. Rodriguez, 52 Mass. App. Ct. 572, 576 (2001). The partial quotation from Rodriguez illuminates the distinction between continuing jeopardy and double jeopardy for purposes of sentencing following a violation of straight probation. See Commonwealth v. Bruzzese, 437 Mass. 606, 617 (2002). In other respects, such as the right to appeal, a conviction with imposition of straight probation constitutes a final judgment. See Rodriguez, supra, citing Commonwealth v. Reed, 364 Mass. 545, 546-547 (1974). The distinction drawn in Rodriguez is inapplicable to this case. Under the ACCA the relevant inquiry is whether the defendant was convicted and sentenced in a manner that permitted him an opportunity to reform. See Resende, 474 Mass. at 467-468.